STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
HORACE KNIGHT, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted September 9, 1975—Decided September 19, 1975.

Before Judges KOLOVSKY, BISCHOFF and BOTTER.

*Mr. Stanley C. Van Ness,* Public Defender, attorney for appellant (*Mr. William E. Norris,* Assistant Deputy Public Defender, on the brief).

*Mr. William F. Hyland,* Attorney General of New Jersey, attorney for respondent (*Mr. Richard J. Engelhardt,* Deputy Attorney General, on the brief).

PER CURIAM. Pursuant to a plea bargain defendant pleaded guilty to one count of three separate indictments. In the case of two indictments the trial judge charged defendant with distribution of a controlled dangerous substance (heroin), in violation of *N. J. S. A.* 24:21–19 (a) (1), and in the case of the third, charged possession with intent to distribute a controlled dangerous substance (marijuana), in violation of the same statute. In conformity with the bargain, other related and unrelated charges were dismissed, and the State recommended that all sentences imposed be concurrent. Defendant was sentenced to concurrent terms of five to seven years in State Prison on the first two mentioned indictments and a concurrent term of three to five years on the third.

Defendant appeals, contending the sentences are manifestly excessive and points to his comparative youth (age 22) his drug addiction, his contention that the sale of the drugs in

question was for the sole purpose of supporting his drug habit and his low intelligence as reasons why the sentences should be reduced.

■ The right of a defendant to appellate review of sentences, including those imposed pursuant to a plea bargain, is now well-settled. *State v. Spinks,* 66 *N. J.* 568, 573 (1975). While this court has the right to revise a sentence even where it is within both statutory limits and the terms of a plea bargain, *State v. Bess,* 53 *N. J.* 10, 18 (1968), we will do so only upon a clear showing that the trial judge abused the broad discretion vested in him in the determination of the proper sentence. *State v. Yormark,* 117 *N. J. Super.* 315, 331 (App. Div. 1971), certif. den., 60 *N. J.* 138 (1972); *State v. Provoid,* 110 *N. J. Super.* 547, 559 (App. Div. 1970).

■ The crimes of which defendant stands convicted are serious and his past record demonstrates his unwillingness to cooperate with non-custodial supervision. We discern no abuse of discretion. *State v. Tyson,* 43 *N. J.* 411, 417 (1964), *cert.* den., 380 *U. S.* 987, 85 *S. Ct.* 1359, 14 *L. Ed.* 2d 279 (1965).

Affirmed.

Botter, J. A. D. (dissenting). Defendant, age 22, was a heroin addict. At the time he pleaded guilty he stated that he sold illicit drugs to support his habit. Two indictments concerned the unlawful possession and sale (at $20 a bag) of two bags of heroin on two separate occasions, and the third indictment concerned the possession of 20 "nickel bags" of marijuana found in a search of defendant's living quarters. Another indictment charging possession of a controlled dangerous substance was dismissed as a result of the plea stipulation. (The term plea *bargain* is often a misnomer.) Defendant was arrested on June 5, 1974 and has been in jail ever since, having been unable to make bail of $10,000.

Defendant's previous record includes convictions for two prior incidents: (a) a disorderly person offense (eluding a police officer) at age 16, for which he was given one year probation, and (b) possession of heroin and receiving a stolen check, for which he was placed on probation in 1973. This was the time that defendant did not cooperate with probation, having failed to report. He is also in arrears on an order entered in April 1974 for the support of a child born out of wedlock. On the positive side is defendant's previous enrollment in a methadone maintenance program, but he lasted only four days.

Defendant has never before been incarcerated. I agree that a jail term is appropriate in this case, defendant having been selling heroin, even though in small amounts, and having failed to respond to his previous probation sentence. In my opinion, however, a sentence to State Prison for a minimum of five years and a maximum of seven (with a concurrent three to five-year term for possession of marijuana with intent to distribute same) is excessive in this case. A jail sentence may serve the purposes of deterrence and punishment, but too long a sentence, especially of a youth with no prior record of violent crime, can be counterproductive. I find the views expressed by Judge Conford in his dissent in *State v. McBride*, 127 *N. J. Super.* 399, 405 (App. Div. 1975), aff'd, 65 *N. J.* 577 (1975), applicable to this case. Accordingly, I would opt for an indeterminate sentence at the Youth Correctional Institution Complex (Yardville). A concurrent suspended two to five-year sentence to State Prison on the third indictment with a probation period of five years less time spent in jail on the first two indictments, to commence upon defendant's release from Yardville and conditioned on defendant's continued participation in a drug treatment program (as an in-patient and/or out-patient for such periods as the probation department considers necessary), would combine the measures which I consider appropriate in this case. Certainly the minimum term of five years in the sentence imposed on defendant does not en-

courage sufficient flexibility in discretion by the parole authority, and in my opinion represents a mistaken exercise of discretion. See *State v. Macon,* 57 *N. J.* 325, 341—342 (1971), where a sentence of seven to ten years for manslaughter was reduced to two to seven years to "give the parole authority a wider discretion in the interest of defendant's rehabilitation."

I would reverse the sentence imposed below and remand the case for resentencing in accordance with these views.